LYONS, Justice
(concurring in the rationale in part and concurring in the result).
Because it does not appear with sufficient certainty that the trial court addressed the issue of mental retardation in light of Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), the judgment of the trial court must be reversed for that reason alone and the case remanded to the trial court for a hearing to determine whether Smith is mentally retarded for purposes of Atkins.
I do not consider a discussion of the evidence as set forth under that portion of the main opinion entitled “Facts” to be *255 necessary to a determination of the necessity for such remand.
I concur as to Part I, “Definition of Mental Retardation under Atkins.” This aspect of the main opinion will give the trial court helpful guidance on remand.
I concur in the result as to Part II, “The Court of Criminal Appeals’ Decision Conflicts uñth this Cotvrt’s Decision in Ex parte Smith,” and Part III, “The Trial Court’s Factual Finding that Smith Is Mildly Mentally Retarded as a Mitigating Circumstance Should Not Be Given ‘Great Weight’ in Support of Smith’s Atkins Claim. ” Because it does not appear with sufficient certainty that the trial court addressed the issue of mental retardation in light of Atkins, those portions of the opinion of the Court of Criminal Appeals dealing with mental retardation under Atkins, an issue not reached by the trial court, are therefore premature. Any discussion by this Court of issues that should never have been addressed by the Court of Criminal Appeals is dicta.
I concur as to Part IV, “The Record Does Not Clearly Demonstrate that Smith Is Mentally Retarded, ” and with the portion of the main opinion entitled “Conclusion.” In all other respects, I concur in the result only.
WOODALL, J., concurs.